IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

James Sanford

    Plaintiff,                                 No. CIV S-04-1114 DFL CMK

    vs.

Roseville Cycle, Inc, et. al.,

    Defendants.

_____/      <u>ORDER</u>

        On October 6, 2005, in response to plaintiff's motion to compel discovery, this court issued an order directing defendant Cynthia Johnston to, within fifteen days from the date the order was served, show cause why this court should not impose sanctions for her failure to respond to plaintiff's discovery requests. To date plaintiff has not complied with the show cause order.

        In his motion to compel, plaintiff states that defendant Johnston failed to respond to any of his discovery requests. Plaintiff's motion seeks an order directing plaintiff to produce documents and responses demanded in his Request for Production of Documents, Interrogatories and Request for Admission. Plaintiff also seeks to sanction defendant Johnston by prohibiting her testifying or introducing evidence at trial and requests reasonable expenses pursuant to Fed. R. Civ. P. 37(a)(4).

The court declines to impose the harsh sanction of preventing defendant Johnston from testifying or introducing evidence at trial.  As the discovery cut-off date in this case is July 12, 2006, court cannot conclude that prohibiting defendant Johnston from introducing any evidence or testifying at trial is an appropriate sanction.  See, e.g., C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2283 at 604-606 (1994 & Supp. 2004) (noting the constitutional limitations on sanctions.); see also, Dorsey v. Academy Moving & Storage, Inc., 423 F.2d 858, 860-61 (5th Cir. 1970) (stating that rule 37 is designed to empower court to compel evidence, but the court should not go beyond the necessities of the situation).  Plaintiff has plenty of time in the nearly nine months left in the discovery process to obtain discovery from defendant Johnston.

However, defendant Johnston has failed to respond to plaintiff's discovery requests and has failed to respond to the court's October 6, 2005 order to show cause.  The court orders defendant Johnston to produce documents and responses demanded in plaintiff's Request for Production of Documents, Interrogatories and Request for Admissions.  The court also awards plaintiff reasonable costs for the preparation of the motion to compel pursuant to Fed. R. Civ. P. 37(a)(4). As defendant Johnston is represented by counsel, the court directs that defendant's counsel shall pay the costs awarded out of her personal funds.

///
///
///
///
///
///
///
///
///

IT IS ORDERED that:

1. Within twenty days from the date this order is served defendant Johnston is ordered to produce documents and responses demanded in plaintiff's Request for Production of Documents, Interrogatories and Request for Admissions;

2. Plaintiff is directed to inform the court if defendant Johnston fails to produce said documents and responses; and

3. Reasonable expenses are awarded to plaintiff against defendant Johnston in the amount of $500.00; defendant Johnston's attorney is directed to pay this cost out of her own personal funds and to, within ten days of this order, remit this sum to plaintiff's counsel at his address of record.  Defendant Johnston is warned that failure to comply with this order may result in further sanctions.  <u>See</u> Local Rule 11-110.

DATED: October 27, 2005.

　　　　　　　　　　　　　　　　　／s／ Craig M. Kellison
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE