IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SANFORD,

    Plaintiff,

    v.

ROSEVILLE CYCLE, INC.,
SACRAMENTO MOTOR SPORTS, INC.,
and CYNTHIA JOHNSTON,

    Defendants.

No. Civ. 04-1114 DFL CMK

MEMORANDUM OF OPINION
AND ORDER

    James Sanford, a disabled individual, alleges that Roseville
Cycle, Inc., Sacramento Motor Sports, Inc., and Cynthia Johnston
violated the Americans with Disabilities Act ("the ADA"), the
Unruh Civil Rights Act ("the Unruh Act"), and other state
statutes.[1]  Sanford reached a settlement agreement with Roseville

---

[1] Sanford's complaint raises claims under the ADA, 42 U.S.C.
§§ 12101 et seq., Disabled Persons Act, Cal. Civ. Code §§ 54 et
seq., the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq.,
California Health and Safety Code §§ 19955, the Unfair Business
Practices Act, Cal. Bus. & Prof. Code §§17200 et seq., and for
negligence per se.  The motion for summary judgment, however,
discusses only the ADA and the Unruh Act.  This order does not
address causes of action Sanford does not raise in the motion.

Cycle and Sacramento Motor Sports, resulting in their dismissal with prejudice.  Since filing an unsuccessful request for exemption from the court's electronic filing requirement on March 15, 2005, Johnston has failed to respond to motions, requests for discovery, and court orders.  On July 3, 2006, Sanford filed a motion for summary judgment concerning the ADA and the Unruh Act claims.  Johnston did not file an opposition.  For the following reasons, the court GRANTS the motion as to six of the alleged barriers and DENIES the motion as to the remaining three.

I.

The facts in this case are undisputed.  Sanford, unable to walk and with limited use of his upper body and hands, must use a motorized wheelchair for mobility.  On March 16, 2004, he visited the Honda Store in Elk Grove, CA, roughly fifteen miles from his home, to purchase items for his son.  During his visit, Sanford encountered numerous barriers that denied him full and equal access to the facility.  In his summary judgment motion, he alleges that the following architectural features served as barriers: (1) the absence of tow-away signs in the parking lot; (2) the absence of an accessible path of travel from public property to the store entrance; (3) the absence of detectable warnings where the path of travel crosses vehicular pathways or curb cuts; (4) the absence of disabled parking spaces, access aisles, and appropriate signs; (5) absence of International Symbol of Accessibility (ISA) signs for accessible routes, parking, and entrances; (6) an excessive slope to the store's

2

1  front entrance; (7) sales counters at an excessive height; (8) an

2  improperly placed toilet paper dispenser in the men's restroom;

3  and (9) exposed pipes under the men's restroom sink.[2]  Sanford

4  argues that Johnston, through her silence, has conceded all the

5  factual elements required to find ADA violations.  Sanford also

6  argues that each ADA violation found by the court necessitates a

7  finding of an Unruh Act violation.[3]  See Cal. Civ. Code § 54(c).

8                                   II.

9       Johnston failed to oppose Sanford's motion for summary

10  judgment.  The absence of an opposition does not independently

11  justify granting the motion.  Henry v. Gill Indus., Inc., 983

12  F.2d 943, 949-50 (9th Cir. 1993).  However, since Johnston failed

13  to oppose Sanford's factual allegations, the court accepts them

14  as true.[4]  The court also relies upon Sanford's unanswered

15  requests for admission.  Conlon v. United States, --- F.3d ----,

16  2007 WL 92678, at *3 (9th Cir. 2007).

17       Sanford's factual allegations establish the following

18  required elements of an ADA claim:  Sanford is a disabled

19  individual; the Honda Store, containing the alleged barriers, is

20

21       [2] Although Sanford alleges additional barriers in his
22  complaint and expert report, the court limits this order to the
    list of barriers Sanford expressly identified in his motion.

23       [3] Sanford does not allege ADA-independent grounds for
24  finding Unruh Act violations in the motion.

25       [4] Johnston filed an answer to the complaint: "Due to a lack
    of information and belief, Defendant hereby generally denies each
26  and every allegation in Plaintiff's Complaint and further prays
    that Plaintiff take nothing by his Complaint."  The answer lacks
    sufficient specificity to create a material dispute of fact.

1  a place of public accommodation either owned, leased, or operated

2  by Johnston; Sanford's requested architectural modifications are

3  readily achievable; and Sanford has encountered the barriers

4  listed in his motion.[5]   See 42 U.S.C. § 12182.   Sanford also

5  establishes that he would have returned to the store but for the

6  alleged barriers.   However, not all the architectural features

7  encountered by Sanford violate the ADA.[6]   For several alleged

8  barriers, Sanford relies in part or entirely upon the California

9  Building Code and California Vehicle Code to demonstrate an ADA

10 violation.   These regulations are irrelevant for ADA purposes.

11 The ADA Accessibility Guidelines for Buildings and Facilities

12 (ADAAG) are the exclusive standards for judging compliance with

13 the ADA.   See, e.g., Sanford v. Del Taco, Inc., No. 2:04-cv-2154,

14 2006 WL 2669351, at *2 (E.D. Cal. Sept. 18, 2006).   In this

15 instance, the ADAAG also serves as the standard for Unruh Act

16 violations, given Sanford's purely derivative Unruh claims.   See

17 Cal. Civ. Code § 54(c).   The barriers identified in Sanford's

18 summary judgment motion are discussed individually below.

19

20  [5] The court relies upon the expert report only for evidence
of barriers alleged in the complaint and summary judgment motion.

21 Sanford may not rely upon the expert report to allege barriers
not identified in the complaint.   White v. Divine Invests., Inc.,

22 No. Civ.S-04-0206, 2005 WL 2491543, at *4 (E.D. Cal. Oct. 7,
2005).   Moreover, the court rejects Sanford's reading of ADA

23 standing authority and reaffirms its prior holding that a
plaintiff, by encountering a barrier, does not obtain "the right

24 to perform a wholesale audit of the defendant's premises."
Martinez v. Longs Drugs Stores, Inc., No. CIVS-03-1843, 2005 WL

25 2072013, at *4 (E.D. Cal. Aug. 25, 2005).

26  [6] Since Sanford addresses only ADA and Unruh Act violations
in the motion, the court does not decide whether the alleged
architectural barriers violate other state laws.

4

A.    Tow-Away Signs

The ADA requires that accessible parking spaces "be designated as reserved by a sign showing the symbol of accessibility."  ADAAG § 4.6.4.  The signs must be placed so as not to be obscured by parked vehicles.  Id.  No other applicable location restrictions exist.  The absence of tow-away signs at the parking lot entrance does not violate the ADA.

B.    Exterior Accessible Path of Travel

The ADA requires at least one accessible route from public streets to a facility's entrance.  Id. § 4.3.2(1).  Johnston violates the ADA by failing to provide an accessible route.

C.    Detectable Warnings

The ADA requires detectable warnings where "a walk crosses or adjoins a vehicular way, and the walking surfaces are not separated by curbs, railings, or other elements between the pedestrian areas and vehicular areas."  Id. § 4.29.5.  The warnings are intended "to warn visually impaired people of hazards on a circulation path."  Id. § 3.5.  Because Sanford is not visually impaired, he lacks standing to challenge the absence of such warnings.  See Martinez, 2005 WL 2072013, at *4.

D.    Disabled Parking Spaces and Features

The ADA requires designated parking for the disabled, with aisles providing an accessible route to the facility's entrance and unobscured signs. ADAAG §§ 4.6.3, 4.6.4.  Johnston violates the ADA by not providing compliant spaces, aisles, and signs.

E.    ISA Signs for Accessible Routes

The ADA requires ISA signs identifying accessible routes, parking, and entrances.  Id. § 4.1.2(7).  Sanford's claim is duplicative as to accessible exterior route and parking signs. The absence of accessible entrance and interior route signs, however, are previously unaddressed ADA violations.

F.    Front Entry Slope

Sanford erroneously argues that ADAAG § 4.3.7 governs the 4% slope in front of the store's entrance door.  The section only applies to areas classified under the ADA as ramps with a slope greater than 1:20 (5%). The ADA, however, requires "the floor or ground area within the required clearances" for non-power assisted doors to "be level and clear."  Id. § 4.13.6.  The 4% slope at the entrance door violates this ADAAG section.

G.    Sales Counters

The ADA requires "areas used for transactions that may not have a cash register but at which goods or services are sold or distributed" to be no taller than 36 inches.  Id. § 7.2(1).  The 43-inch and 40-inch tall counters identified by Sanford violate this requirement.

H.    Toilet Paper Dispenser

The only restriction placed by the ADA on toilet paper dispenser placement is that it be mounted at a minimum height of 19 inches.  Id. Figure 29b.  The dispenser's 6-inch protrusion from the wall does not violate ADAAG's dispenser-specific requirements.  Id. § 4.16.6.  The ADA's general protruding object

6

restriction is also inapplicable since Sanford does not allege
that the leading edge is between 27 and 80 inches from the floor.
Id. § 4.4.1.  Although Sanford alleges that the placement
"interferes" with a disabled person's movement from a wheelchair
onto the toilet, the allegation is too vague to be actionable
under the ADA's maneuvering space requirements.  Id. Figure 8e.

I.   Exposed Pipes

       The ADA requires that "hot water and drain pipes under
lavatories shall be insulated or otherwise configured to protect
against contact."  Id. § 4.19.4.  The unwrapped pipes under the
sink in the men's restroom violate the ADA.

                              III.

       For the reasons above, the court GRANTS summary judgment for
barriers related to: (1) the exterior path of travel; (2)
disabled parking spaces and their related features; (3) required
ISA signs; (4) the slope of the front entry; (5) checkout
counters; and (6) the exposed pipes in the men's restroom.  The
court DENIES summary judgment as to (1) tow-away signs; (2)

////

////

////

////

////

////

////

                               7

detectable warnings; and (3) the toilet paper dispenser's

placement in the men's restroom.

    IT IS SO ORDERED.

Dated: 2/9/2007


                              DAVID F. LEVI
                              United States District Judge