IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SANFORD,                              No. Civ. S-04-1114 RRB CMK

     Plaintiff,                         <u>Memorandum of Opinion</u>
                                                    <u>and Order</u>

   v.

ROSEVILLE CYCLE, INC.,
SACRAMENTO MOTOR SPORTS, INC.,
and CYNTHIA JOHNSTON,

     <u>Defendants.          </u>/

    On February 12, 2007, the court granted partial summary

judgment for plaintiff James Sanford, who alleged that defendant

Cynthia Johnston violated the Americans with Disabilities Act

(ADA) and related state statutes.  Following the entry of

judgment, Sanford seeks attorney's fees and litigation expenses

in the amount of $15,560.70.  Defendant has not opposed

1  plaintiff's motion.    For  the  following  reasons,  the  court

2  reduces the award to $10,226.12.[1]

3                                   I.

4

5      James Sanford, unable to walk and with limited use of his

6  upper  body  and  hands,  must  use  a  motorized  wheelchair  for

7  mobility.   On March 16, 2004, he visited Johnston's store in Elk

8  Grove,  CA,  roughly  fifteen  miles  from  his  home,  to  purchase

9  items  for  his  son.    During  his  visit,  Sanford  encountered

10 numerous  barriers  that  denied  him  full  and  equal  access  to  the

11 facility.    In  his  summary  judgment  motion,  he  alleged  that  the

12 following  architectural  features  served  as  barriers:  (1)  the

13 absence  of  tow-away  signs  in  the  parking  lot;  (2)  the  absence  of

14 an  accessible  path  of  travel  from  public  property  to  the  store

15 entrance;  (3)  the  absence  of  detectable  warnings  where  the  path

16 of  travel  crosses  vehicular  pathways  or  curb  cuts;  (4)  the

17 absence  of  disabled  parking  spaces,  access  aisles,  and

18

19 appropriate  signs;  (5)  the  absence  of  International  Symbol  of

20 Accessibility  (ISA)  signs  for  accessible  routes,  parking,  and

21 entrances;  (6)  an  excessive  slope  to  the  store's  front  entrance;

22 (7)  sales  counters  at  an  excessive  height;  (8)  an  improperly

23 _____

24 [1]   Inasmuch as the Court concludes the parties have submitted
   memoranda thoroughly discussing the law and evidence in support
25 of  their  positions,  it  further  concludes  oral  argument  is
   neither  necessary  nor  warranted  with  regard  to  the  instant
26 matter.   See Mahon v. Credit Bureau of Placer County, Inc., 171
   F.3d 1197, 1200 (9th Cir. 1999) (explaining that if the parties
27 provided the district court with complete memoranda of the law
   and  evidence  in  support  of  their  positions,  ordinarily  oral
28 argument would not be required).

                                   2

placed toilet paper dispenser in the men's restroom; and (9) exposed pipes under the men's restroom sink.   Sanford also argued that each ADA violation found by the court necessitated a finding of an Unruh Act violation.   <u>See</u> Cal. Civ. Code § 54(c). Johnston failed to file an opposition.

Based upon the evidence submitted by Sanford, the court granted summary judgment as to six of the nine claims, finding that Sanford lacked a legal basis for the tow-away sign and toilet-paper dispenser claims and lacked standing for the detectable warning claim.   The court awarded him $4,000 and injunctive relief.   Sanford now seeks attorney's fees and litigation expenses.

II.

The ADA and Unruh Civil Rights Act provide that a prevailing party should recover reasonable attorney's fees.   <u>See</u> <u>Martinez v. Longs Drug Stores, Inc.</u>, No. Civ. S. 03-1843, 2005 WL 3287233, at *1 (E.D. Cal. Nov. 28, 2005).   Calculating an appropriate fee award involves a two-step process.   <u>Fisher v. SJB-P.D. Inc.</u>, 214 F.3d 1115, 1119 (9th Cir. 2000).   "First, the court must calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."   <u>Id.</u>   "Second, a court may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation."   <u>Van</u>

Gerwen v. Guarantee Mut. Life Co., 214 F.3d 1041, 1045 (9th Cir.

2000).

Sanford requests the following fees: $8,730 (29.10 hours at

$300 per hour) for Lynn Hubbard; $475 (1.90 hours at $250 per

hour) for Scott Hubbard; and $1070 (2.35 hours at $200 per hour

and 4.00 hours at $150 per hour) for Mark Emmett.  Additionally,

Sanford seeks $1,803.75 (24.05 hours at $75 per hour) for

paralegals and $3,481.95 in litigation expenses.  The court

finds the time expended by attorneys and paralegals and the

requested litigation expenses to be reasonable given the

complexity of the matter and required work.  However, the court

reduces the fee award for the following reasons.

A.    ATTORNEY RATES

Plaintiff seeks compensation for Lynn Hubbard at $300 per

hour, Scott Hubbard at $250 per hour, and Mark Emmett at $200

per hour.  Courts in the Eastern District typically award fees

of $250 per hour for experienced council and $150 for associates

in cases of this subject matter and complexity.  Wilson v. Haria

& Gogri Corp., No. 05-1239, 2007 WL 1795737, at *4 (E.D. Cal.

June 20, 2007).  Because Sanford provides "no other evidence

other than [the attorney's] declaration to justify [the

requested] rate[s]," the court finds no reason to vary from

these established rates.  Martinez, 2005 WL 3287233, at *4.  The

court finds rates of $250 for Lynn Hubbard, $150 for Scott

Hubbard and Mark Emmett to be appropriate. The court also reduces Mark Emmett's rate for travel to a court hearing to $100 per hour.

B.   DEGREE OF SUCCESS

It is undisputed that Sanford is a prevailing party. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (defining prevailing party). However, "[i]n determining the lodestar figure, courts must consider the 'results obtained' in the litigation, especially where a plaintiff did not succeed on some of his claims." Martinez, 2005 WL 3287233, at *3 (citing Schwarz v. Sec'y of Health & Human Servs., 73 F.3d 895, 901 (9th Cir. 1995)). Here, despite no opposition from Johnston, Sanford succeeded on only six of nine claims. Although the court awarded Sanford $4000, he was denied additional injunctive relief based upon the three failed claims. The three failed claims are factually distinct from those on which Sanford succeeded. Because Sanford's time records "are not sufficiently detailed to enable the court to match each entry to the corresponding claims, [. . .] the court elects to reduce the lodestar amount by a percentage that corresponds with [plaintiff's] success." Martinez, 2005 WL 3287233, at *3 (citing Hensley, 461 U.S. at 436-37). Therefore, the court reduces the total fee award by one-third.

III.

For the above reasons, the court awards the plaintiff $6,744.17 in attorneys' fees, calculated as follows:

| | Hours | Rate | Total |
|---|---|---|---|
| Lynn Hubbard | 29.10 | $250 | $7,275.00 |
| Scott Hubbard | 1.90 | $150 | $285.00 |
| Mark Emmett | | | |
| (legal work) | 2.35 | $150 | $352.50 |
| (travel) | 4.00 | $100 | $400.00 |
| Paralegal | | | |
| Work | 24.05 | $75 | $1,803.75 |
| Subtotal: | | | $10,116.25 |
| Negative | | | |
| Multiplier (1/3): | | | $6,744.17 |

Additionally, the court awards plaintiff $3,481.95 in litigation expenses.  In total, the court awards plaintiff $10,226.12.

IT IS SO ORDERED.

ENTERED this 1st day of August, 2007.

s/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE