IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMES SANFORD,　　　　　　　　　　　　No. Civ. S-04-01114 JAM CMK

　　　　Plaintiff,　　　　　　　　　　Memorandum of Opinion
　　v.　　　　　　　　　　　　　　　　　　　　　　and Order

ROSEVILLE CYCLE, INC., ET AL.,

　　　　Defendants.　　　　　/

　　　Plaintiff, James Sanford, filed a claim against Defendants, Roseville Cycle, Inc., et al., alleging violations of the Americans with Disabilities Act ("the ADA"), the Unruh Civil Rights Act, and other state statutes.[1]  An entry of final judgment was granted in favor of Plaintiff, awarding $4000.00 in

---

[1] Sanford's complaint raises claims under the ADA, 42 U.S.C. §§ 12101 et seq., Disabled Persons Act, Cal. Civ. Code §§ 54 et seq., the Unruh Civil Rights Act, Cal. Civ. Code §§ 51 et seq., California Health and Safety Code §§ 19955, the Unfair Business Practices Act, Cal. Bus. & Prof. Code §§17200 et seq., and for negligence per se.

1

damages, $401.26 in costs taxed, and $10,226.12[2] in attorneys' fees and litigation expenses. (Docket at 40, 43, and 45.) The total amounts to $14,627.38. Three writs of execution were issued by this Court on December 21, 2007. Plaintiff now seeks a turnover order to aid in the enforcement of the judgments.

## I. OPINION

The execution of final judgments is governed by Rule 69 of the Federal Rules of Civil Procedure, which states: "A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located . . ." Fed. R. Civ. P. 69(a)(1). Therefore, post-judgment proceedings must comply with California law. <u>Credit Suisse v. United States Dist. Court</u>, 130 F.3d 1342, 1344 (9th Cir. 1997); <u>Hilao v. Estate of Marcos</u>, 95 F.3d 848, 850 (9th Cir. 1996).

California Code of Civil Procedure Section 699.040 entitled "Turnover order in aid of execution," provides:

> (a) If a writ of execution is issued, the judgment creditor may apply to the court ex parte, or on noticed motion if the court so directs or a court rule so requires, for an order directing the judgment

---

[2] In Plaintiff's Motion for a Turnover Order, it is mistakenly stated that attorneys' fees awarded by this Court amounted to $26,898.88. The judgment granted on August 2, 2007 states a reduced value of $10,226.12. Docket at 45.

2

>     debtor to transfer to the levying officer either or
>     both of the following:
>         (1) Possession of the property sought to be
>         levied upon if the property is sought to be
>         levied upon by taking it into custody.
>         (2) Possession of documentary evidence of title
>         to property of or a debt owed to the judgment
>         debtor that is sought to be levied upon. An order
>         pursuant to this paragraph may be served when the
>         property or debt is levied upon or thereafter.
> (b) The court may issue an order pursuant to this
> section upon a showing of need for the order.
> (c) The order shall be personally served on the
> judgment debtor and shall contain a notice to the
> judgment debtor that failure to comply with the order
> may subject the judgment debtor to arrest and
> punishment for contempt of court.

Here, the judgment creditor, Sanford, seeks a turnover order to levy the property at 8672 W Stockton Blvd, Elk Grove, CA 95758-9504 ("Elk Grove property"). (Pl.'s Mot. Turnover Order, Ex. E.). A considerable length of time has passed since the writs of execution were issued and yet Defendants have failed to satisfy their debts and show no intention to do so. As such, the Court finds a sufficient need for the turnover order. Accordingly, the motion for a turnover order is granted, making note that Defendants have an opportunity to claim any relevant exemptions under the Enforcement of Judgments Law ("EJL") of California.

The EJL governs the enforcement of all civil judgments in California. *Imperial Bank v. Pim Electric Inc., et al.*, 39 Cal. Rptr.2d 432, 437 (Cal. Ct. App. 1995). This Court recognizes

that Defendants may not have had any notice of opportunities to claim exemptions regarding the Elk Grove property at issue. Therefore, Defendants are not precluded from raising any claims of exemption following their compliance with this turnover order. Id. at 441.

## II. ORDER

For the above reasons, this Court GRANTS the turnover order as to the property located at 8672 W Stockton Blvd, Elk Grove, CA 95758-9504.

IT IS SO ORDERED.

Dated: March 3, 2009

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE